UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**EAST COAST SPINE JOINT AND SPORTS MEDICINE,**

    **Plaintiff,**

    v.

**AETNA LIFE INSURANCE COMPANY, JOHN DOES 1-10, JANE DOES 1-10 AND ABC CORPORATIONS 1-10,[1]**

    **Defendants.**

Civ. No. 22-01768 (KM) (AME)

**OPINION**

**KEVIN MCNULTY, U.S.D.J.:**

    Plaintiff East Coast Spine Joint and Sports Medicine ("East Coast"), a healthcare services company, filed this civil action in New Jersey state court against Defendant Aetna Life Insurance Company ("Aetna"). East Coast alleges Aetna has failed to pay East Coast in full for authorized healthcare services it provided to a patient insured by Aetna.

    Now before the Court is Aetna's motion to dismiss East Coast's complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons expressed below, Aetna's motion to dismiss is **GRANTED**.

**I.   BACKGROUND**[2]

    On February 17, 2022, East Coast filed the complaint in this action in the Superior Court of New Jersey, Civil Division, Essex County. (DE 1 Ex. A.)

---

[1]    "John Does 1-10," "Jane Does 1-10," and "ABC Corporations 1-10" are identified in the complaint as "fictitious [d]efendants . . . yet to be identified." (Compl. ¶ 3.) I disregard these placeholders.

[2]    Certain citations to record are abbreviated as follows:

        "DE" = Docket entry number in this case

        "Compl." = East Coast's complaint (DE 1 Ex. A)

For purposes of this motion to dismiss, the allegations of the complaint are assumed to be true. They are as follows:

East Coast is a healthcare services company based in Hoboken, New Jersey. (Compl. ¶ 1.) On May 11, 2020, one of East Coast's medical professionals performed medically necessary surgeries on "JM" (the "Patient"), who was insured by Aetna at the time of the procedures.[3] (*Id.* ¶¶ 4, 5, 13, 14.) At all relevant times, East Coast was an out-of-network provider under the Patient's insurance plan. (*Id.* ¶ 12.) East Coast alleges that prior to the surgery, "as part of its normal practice, [East Coast] obtained authorization for the medically necessary treatment of the Patient" and an Aetna representative "pre-approved the services to be performed by [East Coast]." (*Id.* ¶ 15-16.) East Coast billed Aetna $178,619, which East Coast notes "represents a normal and reasonable charge for the complex procedures performed." (*Id.* ¶ 18.) Aetna has paid East Coast only $2,074.87 of the amount billed. (*Id.* ¶ 19.) In light of the foregoing, East Coast asserts claims for 1) breach of contract, 2) promissory estoppel, and 3) account stated. (*Id.* ¶¶ 21-37.)

On March 30, 2022, Aetna timely removed the case to this Court, asserting federal subject matter jurisdiction under the diversity statute, 28 U.S.C. § 1332. (DE 1.) On April 20, 2022, Aetna filed the present motion to dismiss East Coast's complaint for failure to state a claim. (DE 4.) On July 5, 2022, East Coast filed its opposition to Aetna's motion to dismiss. (DE 8.) On

---

"Mot." = Defendant Aetna Life Insurance Company's Memorandum in Support of its Motion to Dismiss Plaintiff's Complaint (DE 4-2)

"Opp." = Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint (DE 8)

"Reply" = Defendant Aetna Life Insurance Company's Reply in Support of its Motion to Dismiss Plaintiff's Complaint (DE 9)

[3] East Coast specifies that the Patient received an "anterior cervical diskectomy and fusion C4-5 and C5-6 with morselized allograft bone graft, morselized local autograft bone, bone marrow aspirate, and anterior screw instrumentation." (Compl. ¶ 13.)

July 11, 2022, Aetna filed a reply brief in support of its motion to dismiss. (DE 9.) The motion to dismiss is thus fully briefed and ripe for decision.[4]

## II.   DISCUSSION[5]

Aetna moves to dismiss East Coast's complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (Mot. at 3-5.) Aetna contends that East Coast has not pleaded sufficient facts to set out a plausible claim that Aetna entered any contract or made any promise to pay East Coast for the surgery performed on the Patient. (*Id.* 7-13.) For reasons substantially similar to those provided by Judge Wigenton in the sister case of *Bergen Plastic Surgery v. Aetna Life Ins. Co.*,[6] I will grant Aetna's motion and dismiss East Coast's complaint without prejudice.[7]

---

[4]   On September 22, 2022, Aetna filed a "Notice of Supplemental Authority" directing the Court to a recent opinion issued in this District by Judge Wigenton. (DE 10.) In her opinion, Judge Wigenton dismissed a nearly identical complaint against Aetna brought by a different healthcare services company. (*Id.* Ex. A (*Bergen Plastic Surgery v. Aetna Life Ins. Co.*, Civil Action No. 22-227 (D.N.J. Sept. 9, 2022) (unpublished letter opinion)).) On October 5, 2022, East Coast filed a motion for leave to file a surreply responding to Aetna's new arguments. (DE 12.) I granted East Coast's motion on October 6, 2022, but East Coast never filed a surreply.

[5]   The Court has subject matter jurisdiction 28 U.S.C. § 1332, given that the parties are citizens of different states (East Coast is considered a citizen of New Jersey, and Aetna a citizen of Connecticut), and the amount in controversy, $178,619, exceeds the jurisdictional threshold of $75,000. (Compl. ¶¶ 1, 2, 19.)

[6]   *See* DE 10 Ex. A (*Bergen Plastic Surgery v. Aetna Life Ins. Co.*, Civil Action No. 22-227 (D.N.J. Sept. 9, 2022) (unpublished letter opinion).

[7]   Aetna attaches to its motion to dismiss several letters which, it says, must be the "authorization" for the Patient's procedures to which East Coast is referring in its complaint. (Mot. 7-9, Exs. A, B, C, D.) Aetna argues that, contrary to East Coast's allegations, these letters provide only "preauthorization" and do not constitute any promise to pay. (*Id.*) I decline to consider these documents in my analysis. In deciding a motion to dismiss, "[i]n addition to the complaint itself, the court can review documents attached to the complaint and matters of public record, and a court may take judicial notice of a prior judicial opinion." *McTernan v. City of York, PA*, 577 F.3d 521, 526 (3d Cir. 2009) (citation omitted). While it is may be appropriate to consider documents attached to a motion to dismiss when they are undisputedly authentic and the plaintiff's claims are based on them (*see, e.g., Paradiso v. Bank of Am., N.A.*, No. CV22202042KSHCLW, 2022 WL 17176937, at *3 (D.N.J. Nov. 23, 2022)), that is not a

3

### A. Legal Standard

Federal Rule of Civil Procedure 8(a) does not require that a pleading contain detailed factual allegations but "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must raise a claimant's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570. That standard is met when "factual content [] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 12(b)(6) provides for the dismissal of a complaint if it fails to state a claim. The defendant bears the burden to show that no claim has been stated. *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016). I accept facts in the complaint as true and draw reasonable inferences in Plaintiff's favor. *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (en banc).

### B. Analysis

#### 1. Breach of Contract

East Coast's complaint does not plead facts sufficient to state a claim for breach of contract.

To establish a breach of contract claim, a claimant must show (1) "that the parties entered into a valid contract"; (2) "that the defendant failed to perform [its] obligations under the contract"; and (3) "that the plaintiff sustained damages as a result." *Murphy v. Implicito*, 392 N.J.Super. 245, 920 A.2d 678, 689 (App. Div. 2007).[8] "A contract exists when there was a meeting

---

certainty here. East Coast denies that it relies on these particular letters in the complaint. (Opp. at 8-9).

[8]   "[I]n a diversity action, a district court must apply the choice of law rules of the forum state to determine what law will govern the substantive issues of a case." *Warriner v. Stanton*, 475 F.3d 497, 499–500 (3d Cir.2007) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). New Jersey uses the most-significant-relationship test, which consists of two prongs. *Maniscalco v. Brother Int'l Corp. (USA)*, 793 F.Supp.2d 696, 704 (D.N.J.2011), *aff'd*, 709 F.3d 202 (3d Cir.2013). First, the court must determine whether a conflict actually exists between the potentially applicable laws. *P.V. v. Camp Jaycee*, 197 N.J. 132, 143 (2008) ("Procedurally, the first step is to determine whether an actual conflict exists. That is done by examining the

of the minds, there was an offer and acceptance, there was consideration, and there was certainty in the terms of the agreement." *See Allen-White v. Bloomingdale's, Inc.*, 225 F. Supp. 3d 254, 258 (D.N.J. 2016). A so-called meeting of the minds "occurs when there has been a common understanding and mutual assent of all the terms of a contract." *See Knight v. New Eng. Mut. Life Ins. Co.*, 220 N.J. Super. 560 (App. Div. 1987).

East Coast's complaint alleges that "an implied-in-fact contract has been created through [Aetna's] course of conduct] and interaction with [East Coast]." (Compl. ¶ 22.) However, outside of an alleged "authorization" it received from Aetna (*Id.* ¶¶ 15-16, 20), East Coast alleges no facts establishing that the two parties had *any* prior interaction or course of conduct. The complaint is devoid of any allegations regarding prior agreements or other dealing that might lead East Coast to expect Aetna to pay for services provided to the Patient. Indeed, East Coast concedes that it is a "nonparticipating," "out-of-net-work" medical provider, which, without more, suggests the opposite: *i.e.,* that parties have no previous or ongoing relationship. (*Id.* ¶ 12.)

The only interaction that East Coast alleges took place between the parties leading up to the Patient's surgery was the "authorization" East Coast purportedly received from Aetna. (*Id.*) If this authorization created a contract between the parties, the formation of such a contract would depend on whether the authorization established certain terms. *See Allen-White*, 225 F. Supp. at 258. But East Coast does not allege any of the terms contained in or

---

substance of the potentially applicable laws to determine whether there is a distinction between them.") (internal quotations omitted). "[I]f no conflict exists, the law of the forum state applies." *Snyder v. Farnam Companies, Inc.*, 792 F.Supp.2d 712, 717 (D.N.J. 2011) (quoting *P.V.*, 197 N.J. at 143). If a conflict exists, the court then moves to the second prong: it must determine "which state has the 'most significant relationship' to the claim at issue by weighing the factors" in the applicable section of the Restatement (Second) of Conflict of Laws. *Gilbert Spruance Co. v. Pennsylvania Mfrs. Ass'n Ins. Co.*, 134 N.J. 96, 102 (1993). The parties seem to agree that New Jersey law applies in this diversity action. At any rate, they point to no aspect in which the application of non-forum law would change the result. Having been directed to no applicable conflict, I apply general principles of New Jersey contract law.

5

established by Aetna's alleged authorization. It merely alleges that an unnamed representative of Aetna "pre-approved the services to be performed by [East Coast]" and "issu[ed] an authorization number for services." (Compl. ¶¶ 16, 20.) Critically, the complaint contains no details regarding essential terms such as what costs Aetna agreed to cover, or what costs were "authorized" to be covered for out-of-network care under the Patient's health care plan. Without more, claiming that the surgeries were "pre-approved" and medically necessary is insufficient to state a claim that Aetna breached a contract of "certain terms."

If there was an approval, East Coast should be able to describe it. If there was a contract, East Coast should be able to state what it consisted of in terms that are not merely conclusory. Lacking such allegations, East Coast's breach of contract claim will be dismissed.

### 2. Promissory Estoppel

East Coast's complaint does not plead facts sufficient to state a claim for promissory estoppel.

A promissory estoppel claim has four essential elements: "(1) a clear and definite promise by the promisor; (2) the promise must be made with the expectation that it will induce reliance by the promisee; (3) the promisee must reasonably rely upon the promise; and (4) the promisee must experience substantial reliance on the promise." *Alexander v. CIGNA Corp.*, 991 F. Supp. 427, 439 (D.N.J. 1998), *aff'd*, 172 F.3d 859 (3d Cir. 1998); *see also Toll Bros., Inc. v. Bd. of Chosen Freeholders of Cnty. of Burlington*, 194 N.J. 223, 253 (2008). "The terms of a promise or agreement are those expressed in the language of the parties or implied in fact from other conduct." *Wanaque Borough Sewerage Auth. v. Twp. of W. Milford*, 677 A.2d 747, 752 (N.J. 1996) (quoting Restatement (Second) of Contracts § 5 comment a (1979)).

East Coast alleges that Aetna's "authorization" amounted to a promise to pay East Coast for the services it provided to the Patient "at the usual, customary and reasonable rate." (Compl. ¶ 29.) As with East Coast's breach of contract claim, what Aetna allegedly promised to East Coast depends entirely

on what the terms of Aetna's "authorization" were. East Coast pleads no facts that shed light on what it was Aetna was authorizing and provides no detail regarding the circumstances under which Aetna's alleged authorization was communicated. Nor does East Coast suggest how Aetna's conduct may have expressed the terms of its alleged promise to pay for out-of-network services at the usual, customary, and reasonable rate. East Coast has therefore failed to allege "a clear and definite promise by the promisor" (*Alexander*, 991 F. Supp. at 439), so its promissory estoppel claim must be dismissed.

### 3. Account Stated

East Coast's complaint does not plead facts sufficient to state a claim for account stated.

"To establish an account stated, respondent must show that a balance was struck in such circumstances as to import a promise of payment on the one side and acceptance on the other." *United States v. A. S. Kreider Co.*, 313 U.S. 443, 448 (1941). "It is not essential that an account stated be in any particular form. Any evidence indicating an admission by the debtor to the creditor of a stated indebtedness claimed by the latter will furnish ground for implying a promise to pay. Evidence of assent to an account stated may consist of express statements or inferences from conduct." *Harris v. Merlino*, 137 N.J. 717, 720 (1948) (citing 6 Williston on Contracts, sec. 1863). In short, an account stated cause of action is best adapted to relatively straightforward facts, *e.g.,* an unpaid bill for goods concededly delivered.

East Coast fails to sufficiently plead that the parties had any agreement regarding the amount due, whether express or implied. Granted, I am able to infer from East Coast's allegation that Aetna made a partial payment on the amount billed that Aetna acknowledged that it owed East Coast *some* amount of money for the services East Coast provided to the Patient, as would be common for out-of-network services. However, acknowledgement of some portion of the amount billed does not constitute an agreement to pay the entire amount. In fact, Aetna's partial payment suggests that Aetna objected to the

7

amount East Coast charged, not that Aetna assented to it. *Harris*, 137 N.J. at 720. Indeed, given that East Coast is an out-of-network provider, the fact that Aetna made only a partial payment suggests Aetna took the position that the Patient, not Aetna, is responsible for the balance. Alleging no promise to pay or agreement to an amount owed, the complaint does not state a claim for account stated. The account stated count will therefore be dismissed.

\*   \*   \*

East Coast does not plead facts sufficient to state a claim for breach of contract, promissory estoppel, or account stated. The complaint must be dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(6). I note, however, that the defects in the complaint relate to pleading and might well be remedied by an amended complaint that supplements the factual allegations with further detail. I will therefore dismiss the complaint without prejudice.

### III.   CONCLUSION

For the reasons set forth above, Aetna's motion to dismiss is **GRANTED**. The dismissal is granted without prejudice to the submission of a proposed amended complaint within 30 days, without the necessity of a formal motion to amend. If no proposed amended complaint is filed, the dismissal shall become one with prejudice.

An appropriate order follows.

Dated: December 12, 2022

/s/ Kevin McNulty

**Hon. Kevin McNulty**
**United States District Judge**